JAMES L. JACOBS, Cal. State Bar No. 158277
VALERIE M. WAGNER, Cal. State Bar No. 173146
GCA LAW PARTNERS LLP
1891 Landings Drive
Mountain View, CA 94043
Telephone: (650) 428-3900
Facsimile: (650) 428-3901
jjacobs@gcalaw.com
vwagner@gcalaw.com

Attorneys for Plaintiffs and Counter-Defendants
KEMA, INC. and RLW ANALYTICS, INC., and
Counter-Defendant CURT PUCKETT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KEMA, INC., a Virginia Corporation, and RLW ANALYTICS, INC., a California Corporation, | No. C09 01587 MMC |
| Plaintiffs, | STIPULATED [PROPOSED] PROTECTIVE ORDER |
| vs. | |
| WILLIAM KOPERWHATS and MILOSLICK SCIENTIFIC, LLC. | |
| Defendants. | |
| WILLIAM KOPERWHATS, an individual and MILOSLICK SCIENTIFIC, a California company, | |
| Counterclaim Plaintiffs, | |
| vs. | |
| KEMA, INC., a Virginia Corporation, RLW ANALYTICS, INC., a California Corporation, Axmor Software, and Curt D. Puckett, an individual | |
| Counterclaim Defendants. | |

Plaintiff and Counter-Defendant KEMA, Inc. ("KEMA"), Plaintiff and Counter-Defendant RLW Analytics, Inc. ("RLW"), Counter-Defendant Curt Puckett ("Puckett"), specially-appearing Counter-Defendant Axmor Software, Defendant and Counter-Claimant William Koperwhats ("Koperwhats"), and Defendant and Counter-Claimant MiloSlick Scientific ("MiloSlick") hereby stipulate and agree, and IT IS HEREBY ORDERED THAT, the parties are to be bound by the following Protective Order for the protection of confidential information, documents, and other things produced, served or otherwise provided in this action by the parties or by third parties:

A. **Designated Material.**

1.     Sensitive business or personal information, materials, discovery responses or testimony that is not otherwise public may be designated pursuant to this Protective Order by the person or entity producing or lodging it or by any party to this action (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court. All such information and material and all information or material derived therefrom constitutes "Designated Material," which includes materials designated "CONFIDENTIAL" and "ATTORNEYS AND CONSULTANTS ONLY" under this Protective Order. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all material designated under this Protective Order shall be used only for purposes of this litigation, and shall not be used or disclosed by the party receiving Designated Material except as provided under the terms of this Protective Order. (For purposes of this Protective Order, "disclose" means to show, furnish, or provide the original or a copy of the referenced material or document.)

2.     Subject to the limitations set forth in this Protective Order, a designation of "CONFIDENTIAL" means information other than "ATTORNEYS AND CONSULTANTS ONLY" information, whether or not embodied in any physical

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

medium, which the Designating Party believes in good faith has competitive value, which is not generally known to others, and which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence. Information may also be designated "CONFIDENTIAL" if the designating party believes in good faith that the information falls within the right to privacy guaranteed by the laws of the United States and/or California.

3.       Subject to the limitations set forth in this Protective Order, a designation of "ATTORNEYS AND CONSULTANTS ONLY" means information, whether or not embodied in any physical medium, which the Designating Party believes in good faith has significant competitive value and which, if disclosed to agents of the receiving party, or to any other person, might cause competitive harm to the Designating Party. Such information must not be generally known to third parties or the public and is limited to information that the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence. Information may also be designated "ATTORNEYS AND CONSULTANTS ONLY" if the designating party believes in good faith that the information is significantly sensitive and protected by the right to privacy guaranteed by the laws of the United States and/or California.

**B.       Access By Parties.**

1.       Materials Designated CONFIDENTIAL. Materials designated CONFIDENTIAL may only be disclosed to:

(a)       Persons who appear on the face of Designated Materials marked CONFIDENTIAL as an author, addressee or recipient thereof;

(b)       "Outside Counsel" (which means and is defined as counsel of record in this litigation, and as to Axmor, International Legal Counsels, P.C., including the partners, associates, agents and employees of said counsel, except for agents or employees who have been retained or employed by Outside Counsel as experts or consultants to assist in the preparation of the case) for the parties to this action to the

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

extent reasonably necessary to render professional services in this action;

(c) "In-House Counsel" for KEMA, RLW, Axmor and MiloSlick as necessary in connection with this action and who are assisting outside counsel in the preparation of this action, provided further that such persons agree in advance of reviewing any such documents to execute Exhibit A.

(d) Non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of the case ("Outside Consultants"), to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of Section C;

(e) The officers and/or employees of KEMA, RLW, Axmor and MiloSlick, not to exceed three in number for each of these entities;

(1) The officers and/or employees of said parties who may review such confidential documents are those whose review is required for the conduct of this litigation. Such persons shall sign in advance of receiving such Designated Material a certificate as appears in Exhibit A.

(g) Vendors with whom Outside Counsel of record for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents.

(h) Subject to Section F(3) and H below, Designated Material marked "CONFIDENTIAL" may also be shown to witnesses at deposition and/or at trial, with appropriate measures to preserve the highly confidential nature of the materials.

(i) Mock jurors and jury consultants who have been engaged by the parties and/or the consultants in preparation for trial. For any jury research, an appropriate screening process must be used to assure that the jury consultant(s) and mock jurors chosen for any mock jury presentation are not current or former officers, directors, employees or consultants of any party or any direct competitors of any party. Each jury consultant and/or mock jurors must agree in writing to be bound by this Order by signing

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

and undertaking the form of Exhibit A to this Order.

2. <u>Materials Designated ATTORNEYS AND CONSULTANTS ONLY</u>. Materials marked "ATTORNEYS AND CONSULTANTS ONLY" can only be reviewed by or disclosed to:

(a) Persons who appear on the face of Designated Materials marked ATTORNEYS AND CONSULTANTS ONLY as an author, addressee or recipient thereof;

(b) Outside Counsel for the parties to this action;

(c) Outside Consultants, to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of Section C;

(d) Vendors with whom Outside Counsel of record for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents.

(d) Subject to Sections F(3) and H below, Designated Material marked "ATTORNEYS AND CONSULTANTS ONLY" may also be shown to witnesses at deposition and/or at trial, with appropriate measures to preserve the highly confidential nature of the materials.

(e) Mock jurors and jury consultants who have been engaged by the parties and/or the consultants in preparation for trial. For any jury research, an appropriate screening process must be used to assure that the jury consultant(s) and mock jurors chosen for any mock jury presentation are not current or former officers, directors, employees or consultants of any party or any direct competitors of any party. Each jury consultant and/or mock jurors must agree in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order.

3. Special Provisions for Computer Source Code Designated ATTORNEYS AND CONSULTANTS ONLY.

(a) Computer source code designated "ATTORNEYS AND

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

CONSULTANTS ONLY" is referred to herein as "ACO SOURCE CODE." All excerpts, extracts, charts, summaries and notes made from or regarding ACO SOURCE CODE, shall also be considered ACO SOURCE CODE for the purposes of these provisions.

(b)    In addition to the restrictions set forth above concerning Designated Material marked "ATTORNEY AND CONSULTANTS ONLY," the following restrictions shall apply to the disclosure of any ACO SOURCE CODE:

(1)    Any ACO SOURCE CODE shall be produced in its native electronic format, or another format agreed to by the receiving party, on a DVD or other readily computer-accessible media (the "Source Code Media").

(c)    In the event particular hardware, equipment or software is required to access the ACO SOURCE CODE, the parties will meet and confer in good faith regarding a reasonable manner of obtaining and/or providing access to said hardware, equipment or software. If the parties cannot reach agreement, the parties reserve their rights to seek assistance from the Court.

(d)    The receiving party will not make any copies of the ACO Source Code or Media, except as set forth below.

(1)    The receiving party may use the Source Code Media to install the source code on a single, password-protected, non-networked computer at the offices of the receiving party's outside counsel.

(2)    The receiving party may use the Source Code Media to install the source code on a single, password-protected, non-networked computer at the offices of one independent consultant that it has designated pursuant to Section C below.

(3)    Except when it is being used for the purposes of installing the ACO SOURCE CODE on computers, as set forth above, the receiving party shall maintain the Source Code Media in a secure location at the offices of outside counsel.

(4)    The receiving party's outside counsel and one designated

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650) 428-3900

independent consultant shall maintain and store any paper copies of the ACO SOURCE CODE, or any excerpts, extracts, charts, summaries and notes made from or regarding ACO SOURCE CODE, at their offices in a manner that prevents duplication of or unauthorized access to said materials, including but not limited to storing the materials in a locked room or cabinet at all times when not in use.

(5) All paper copies of the ACO SOURCE CODE shall be securely destroyed if no longer in use (such as at the conclusion of a deposition). Copies of ACO SOURCE CODE that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts. Instead, the deposition record will identify the exhibit by production numbers or other identifiers.

(e) The receiving party may use excerpts of ACO SOURCE CODE in depositions, court filings, expert reports, trial exhibits and other documents for the purposes of this litigation, subject to all of the restrictions set forth in this Order regarding Designated Materials marked "ATTORNEYS AND CONSULTANTS ONLY." However, the parties shall make their best efforts to limit the number and size of excerpts of ACO SOURCE CODE so used to what is reasonably necessary.

(f) These provisions are without prejudice to any party's right to request from another party, or to seek from the Court, additional or different arrangements for or restrictions on copying, viewing, analyzing, compiling, building, installing, running or de-installing the ACO SOURCE CODE in the future.

(g) The receiving party's outside counsel and/or experts may create a back-up copy of the Source Code solely for use in this litigation, subject to all of the provisions of this Protective Order, after which time it will be destroyed.

(h) The receiving party may print portions of the Source Code only when reasonably necessary to facilitate the receiving party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal work product materials; or

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

1  to prepare other necessary case materials such as testifying expert reports, consulting

2  expert written analyses, and related drafts and correspondences. The receiving party shall

3  print only such portions as are reasonably necessary for the purposes for which any part of

4  the Source Code is printed at the time.

5          (i)     The receiving party's Counsel of Record and any person receiving a

6  copy of any Source Code shall maintain and store any paper copies of the Source Code at

7  their offices in a manner that prevents duplication of or unauthorized access to the Source

8  Code, including, without limitation, storing the Source Code in a locked room or cabinet at

9  all times when it is not in use.

10         (j)     Images or copies of Source Code shall not be included in

11 correspondence between the parties (references to production numbers or other identifying

12 information shall be used instead), and shall be omitted from pleadings and other papers

13 whenever possible.  If a party reasonably believes that it needs to submit a portion of

14 Source Code as part of a filing with the Court, the Source Code shall be lodged under seal

15 pursuant to the Civil Local Rule 79-5 of the Northern District of California.  In no case,

16 however, may a Party submit more Source Code as part of a filing with the Court than is

17 necessary to argue the precise point that the Source Code supports, and any Source Code

18 that is included on the pages submitted but which is not required to argue the precise point

19 that the Source Code supports shall be redacted.

20         4.      Each person to whom any Designated Material may be disclosed pursuant

21 to the provisions in this Protective Order shall, prior to the time such Designated

22 Materials is disclosed to him or her, be provided with a copy of this Protective Order and

23 shall certify under penalty of perjury that he or she has carefully read the Protective

24 Order and fully understands its terms and agrees to be bound thereby.  This certificate

25 shall be in the form attached as Exhibit A hereto.  Outside Counsel who make any

26 disclosure of Designated Materials shall retain each original executed certificate and,

27 upon written request, shall circulate copies to all Outside Counsel at the termination of

28 this action.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

5.     All counsel for the parties who have access to information or material designated as Designated Material under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of the court for purposes of enforcing this Order.

C.     **Access By Outside Consultants**.

1.     If any party wishes to disclose information or materials designated under this Protective Order as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY to any Outside Consultant, it must first identify that individual to Outside Counsel for the Designating Party, who shall have five (5) business days from receipt of such notice to object in writing to such disclosure to any individual so identified. Failure to object within five (5) days to a person proposed shall be deemed approval, but shall not preclude a party from objecting to continued access of designated material by the person where facts suggesting that basis for objection are subsequently learned by the party or its counsel. Such identification shall at least include the full name and professional address and/or affiliation of the individual, his or her prior employment, a statement that said expert is neither an employee of a party nor anticipated to become an employee in the near future, consultancies or testimony for the previous five years, and all of the person's other present employment or consultancies in the field. The disclosure as to said consultancies shall identify the attorney, law firm and client involved. The parties shall attempt to resolve any objections informally, and approval by the Designating Party shall not be unreasonably withheld. If the objections cannot be resolved, the objecting party must to preserve its objections move, within seven (7) business days following its objection, for a protective order preventing disclosure of CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY materials to the individual. In the event that such a motion is made, the party seeking to prohibit disclosure shall bear the burden of proving that the disclosure is inappropriate. Prior to the resolution of any such objection, an opposing party's Designated Materials shall not be disclosed to person(s) so

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

designated.  Without modifying any obligations under the Federal Rules of Civil Procedure, the parties shall not have any obligation under this Protective Order to identify which materials are provided to Outside Consultants.  Neither party seeking to have a consultant shall disclose any information Designated Materials to the proposed consultant until:  (1) After any and all objections to the proposed disclosure have been resolved by the parties in writing or by court order; or (2) If no objections have been made during the five (5) business day period to object.

2.     Each Outside Consultant to whom any Designated Material may be disclosed pursuant to the provisions in this Protective Order shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands its terms and agrees to be bound thereby.  This certificate shall be in the form attached as Exhibit A hereto.  Outside Counsel who make any disclosure of Designated Materials shall retain each original executed certificate and, upon written request, shall circulate copies to all Outside Counsel at the termination of this action.

3.     In addition to the foregoing, each Outside Consultant to whom any Designated Material will be disclosed shall, prior to disclosure of such material, execute the Certification of Consultant in the form attached as Exhibit B hereto.  Upon receipt of this Certification of Consultant by counsel for the party retaining the Consultant, disclosure of such Designated Material may be made to the Outside Consultant without notification to the Designating Party or any other party to this action.  Outside Counsel who make any disclosure of Designated Materials shall retain each original executed Certification of Consultant and, upon written request, shall circulate copies to all Outside Counsel at the termination of this action.

**D.     <u>Use Of Designated Materials By Designating Party</u>.**

Nothing in this Protective Order shall limit any Designating Party's use of its own

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

### E. <u>Procedure For Designating Materials.</u>

Documents, materials and discovery responses, in whole or in part, may be designated as CONFIDENTIAL or as ATTORNEYS AND CONSULTANTS ONLY as follows:

1. The producing or responding party shall designate materials by placing the legend CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY on each page of the materials prior to production, or by otherwise notifying the other parties in writing of the confidentiality of said materials. Stamping the legend of confidentiality on the cover of any multi-page document the contents of which are entirely confidential, shall designate all pages of the document as CONFIDENTIAL (or CONFIDENTIAL-ATTORNEYS' AND CONSULTANTS' EYES ONLY), unless otherwise indicated by the producing party. In marking multi-page or multi-paragraph documents as described in this paragraph, the parties shall distinguish between text which is confidential and text which is not.

2. When a party wishes to designate as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY materials produced by someone other than the Designating Party, such designation shall be made:

(a) Within twenty-five (25) days from the last date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

(b) By written notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

with particularity (either by production numbers or by providing other adequate identification of the specific material).

   3.   Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

      (a)   Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

      (b)   Take reasonable steps to notify any persons known to have possession or access to such Designated Materials of the effect of such designation under this Protective Order; and

      (c)   Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Protective Order.

   **F.   Procedure For Designating Depositions.**

   1.   Deposition transcripts or portions thereof may be designated as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY by a party during deposition testimony or at the completion of said deposition, on the record, taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY. The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

   2.   Where testimony is designated at a deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.

   3.   Notwithstanding the provisions set forth in Sections B and C of this Protective Order above, any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material. Any

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

person who is shown a deposition exhibit comprised of Designated Material, but who is not otherwise entitled to access such material under Sections B and C above, shall not be allowed (except by express permission of the Designating Party) to keep a copy of the deposition exhibit, and shall not be furnished a copy of such deposition exhibit when given the opportunity to review the deposition transcript for accuracy following the deposition.

4.      Any party may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material.  If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the 30-day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation without further order of the Court.

**G.      Copies.**

All complete or partial copies of Designated Materials shall also be deemed subject to the terms of this Protective Order.  No copies of Designated Materials shall be made by the receiving party except as is reasonably necessary for their own use, which copies shall contain the same legending, and which shall be subject to the same restrictions, as the documents originally produced.

**H.      Court Procedures.**

1.      Disclosure of Designated Material to Court Officials.  Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee

appointed by the Court) and the jury in this action, and any interpreters interpreting on behalf of any party or deponent in accordance with Local Rule 79-5.

2.  <u>Filing Designated Materials with the Court</u>.  The parties shall not file any material with the Court under seal, except in accordance with Local Rule 79-5.

3.  <u>Retrieval of Designated Materials</u>.  The party lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the action (including after any appeals). Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of the action, including appeals therefrom, all persons having received designated material shall return such material and all copies thereof to counsel for the producing party, or certify destruction thereof.  Outside counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney work product provided that such counsel and employees of such counsel shall not disclose any such information or material contained in such court papers or transcripts or attorney work product to any person or entity except pursuant to court order or written agreement with the producing party of the information or material.

4.  <u>Failure to File Under Seal</u>.  If any party fails to file Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within twenty (20) days of the filing of said Designated Materials. ~~The Clerk of the Court is directed to comply with such request if consistent with Local Rule 79-5.~~

5.  <u>Use of Designated Materials in Open Court</u>.  The parties shall not present or quote from any Designated Material in open court, unless the Court shall order otherwise.  Presentation of, or quotations from, Designated Materials shall be heard by the Court under such conditions and safeguards as the Court may impose to prevent improper disclosure of Designated Materials.  The parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

**I. Objections.**

1. A party may challenge the propriety of any designation under this Protective Order at any time. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection"). Service of a Notice of Objection shall be made by electronic mail or facsimile and by mail.

2. The parties will meet and confer within three (3) business days of the forwarding of the objection, unless an extension of time is mutually agreed upon. If the parties cannot reach agreement regarding resolving the objection, within three (3) business days of the forwarding of the objection, the objecting party will submit the matter to the Court as a motion within three (3) additional business days.

3. In the event of a motion to change the designation, the material at issue may be submitted to the Court under seal. It shall be the burden of the designating party under such circumstances to establish that the information so designated is properly designated CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY within the meaning of this Protective Order. Upon the timely filing of such a motion, the original designations shall remain effective until ten (10) days after service of notice of entry of an order re-designating the materials.

3. The parties shall meet and confer in good faith prior to the filing of any motion under this section.

**J. Client Communication.**

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not make specific disclosure of any Designated Materials, except as permitted by this Protective Order.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

**K.** **No Prejudice.**

1.    This Protective Order shall not diminish any existing obligation or right with respect to Designated Materials, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

2.    Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

3.    If any person required to produce documents inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, things, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order.

4.    The restrictions as to use or dissemination of information or materials, set forth in any of the preceding paragraphs, shall not apply as to:

(a)    any information which at the time of the designation under this Protective Order is generally available to the public;

(b)    any information which after designation under this Protective Order becomes generally available to the public through no act, or failure to act, attributable to the receiving party or its counsel;

(c)    any information which the receiving party, its counsel, or any recipient of designated material under this Protective Order can show as a matter of written record was already known to the receiving party through means other than misappropriation as defined in the California Uniform Trade Secrets Act or any violation of law.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

**L.**     **Inadvertent Production of Privileged Materials.**

The inadvertent production of any document or thing shall be without prejudice to a claim that such material is protected by the attorney-client privilege or protected from discovery as work product or otherwise immune from discovery.  No party will assert that such inadvertent disclosure, by itself, waived any such privilege or immunity if, within a reasonable time after materials are disclosed, a producing party asserts that such materials are protected from discovery and were inadvertently produced, and takes prompt steps to ensure that all known copies of such material are returned to the producing party.  If the producing party claims that documents or other information were inadvertently disclosed, the producing party shall explain in writing, supported by declarations if appropriate, the basis for its claim that the disclosure was inadvertent.  Failure to take prompt or appropriate action to rectify any inadvertent production of materials or failure to discover such inadvertent production within a reasonable time after the materials are produced, may in appropriate circumstances result in the loss of protection for such materials.  Nothing in this section shall preclude a party from challenging the propriety of the claim of privilege in accordance with the Federal Rules of Civil Procedure.

**M.**     **Final Disposition.**

Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of the Action, including appeals therefrom, all persons having received Designated Material shall return such material and all copies thereof to counsel for the producing party, or certify destruction thereof. Outside Counsel shall be entitled to retain court papers, deposition and trial transcripts, attorney work product, and one copy of each item of Designated Material, except ACO Source Code, provided such counsel and employees of such counsel shall not disclose any such information or material contained in such court papers or transcripts or attorney work product or Designated Material to any person or entity except pursuant to court order or written agreement with the producing party of the information or material.  Any Designated Material retained by Outside

Counsel will be maintained in a secure location and continue to be subject to the terms of this Protective Order until destroyed.

**N.** **Modification and Survival.**

1. Modification; Addition of Parties to this Stipulation.

(a) All parties reserve the right to seek modification of this Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this protective order for any reason. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court.

(b) Parties to this action who are not listed herein or who become parties to this action after the latest date of execution may become parties to this Protective Order, and thereby be bound by all the terms and conditions stated herein, by executing a written agreement thereto, to be signed by all Outside Counsel for the parties.

2. Survival

The restrictions imposed by this Protective Order may only be terminated by written stipulation of all parties, by stipulation read into a court record or deposition record, or by order of this Court. This Protective Order shall survive termination of this Action.

**O.** **Third Parties.**

1. Where a discovery request (other than a deposition questions) calls for otherwise discoverable information that is subject to an obligation of confidentiality owed to another, it shall be the obligation of the party to whom the discovery request or deposition question is directed to:

(a) identify to the party seeking the information the name and address of each person whose confidentiality interests are implicated by the discovery request or, if the identity of the third party itself is confidential, the existence of third party confidentiality obligations, and

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

(b)     promptly provide to each third party whose confidentiality interests are implicated:

(i)     notice of such discovery request seeking disclosure of materials or information held under obligations of confidentiality; and

(ii)     a copy of this Protective Order.

The party to whom the discovery request has been directed shall be responsible for determining whether the third party whose confidentiality interests are implicated objects to the production of the otherwise discoverable information. If the third party whose confidentiality interests are implicated does not object in writing to counsel for the request party within fifteen (15) business days after receiving notice of the discovery request and a copy of this Protective Order, the party to whom the discovery request has been directed shall not be permitted to withhold discovery on the ground of third party confidentiality. If an objection is made by the third party, there shall be no disclosure of the information to which the objection is made unless the objection is made unless the objection is withdrawn or by order of the Court. The requesting party may move the Court for an order requiring disclosure of the confidential information. The parties will meet and confer in good faith to resolve any issues pertaining to deposition questions which call for otherwise discoverable information that is subject to an obligation of confidentiality owed to another.

2.     If a third party is required, by subpoena or court order, to provide documents or information that it considers CONFIDENTIAL INFORMATION or ATTORNEYS AND CONSULTANTS ONLY INFORMATION, the third party may request to receive the protections provided by this Protective Order, either by giving notice to all parties in writing of its intent to seek such protection or by designating and marking documents and information it produces in a manner required by this Protective Order. Designated third-party documents and information shall be given the same protection under this Order as documents and information produced by the parties.

**P.     Court's Retention of Jurisdiction.**

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Concurrence in the filing of this document has been obtained from all signatories.


Dated:   September 8, 2009                          GCA LAW PARTNERS LLP

                                                    By: /s/ Valerie M. Wagner
                                                        Valerie M. Wagner

                                                    Attorneys for Plaintiffs and Counter-
                                                    Defendants KEMA, INC. and RLW
                                                    ANALYTICS, INC. and Counter-Defendant
                                                    CURT PUCKETT


Dated:   September 8, 2009                          MANDEL & ADRIANO

                                                    By: /s/ SaraLynn Mandel
                                                        SaraLynn Mandel

                                                    Attorneys for Defendants and Counter-
                                                    Claimants WILLIAM KOPERWHATS and
                                                    MILOSLICK SCIENTIFIC


Dated:   September 8, 2009                          MORGAN, FRANICH, FREDKIN & MARSH

                                                    By: /s/ Linda B. MacLeod
                                                        Linda B. MacLeod

                                                    Attorneys for Specially-Appearing Counter-
                                                    Defendant AXMOR SOFTWARE


## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED, as modified.

DATED:  September 10, 2009

                                                    Hon. Maxine Chesney

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

1                                United States District Court Judge

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650) 428-3900

**EXHIBIT A**

**CERTIFICATION CONCERNING MATERIAL COVERED**

**BY PROTECTIVE ORDER**

I, the undersigned, hereby certify that I have read the Protective Order entered in the Northern District of California in the case entitled <u>KEMA, Inc. v. Koperwhats</u>, Case No. C09 01587 MMC.

I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the Northern District of California with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Designated Materials marked "CONFIDENTIAL" or "ATTORNEYS AND CONSULTANTS ONLY" to anyone other than persons specially authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name of individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____


Relationship to this action and its parties: _____

_____

_____


Dated: _____        _____
                                                              Signature

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

# EXHIBIT B

## CERTIFICATION OF CONSULTANT

I, the undersigned, hereby certify that I have read the Protective Order entered in the Northern District of California in the case entitled <u>KEMA, Inc. v. Koperwhats</u>, Case No. C09 01587 MMC (the "Action"), and that I have executed a Certification Concerning Material Covered by Protective Order.

I further certify that I am not employed by or affiliated with a competitor of the Designating Party or any person or entity currently a party (as of the time of the execution of this Certification) to this action. If at any time after I execute this Consultant Certification and during the pendency of the Action I become engaged in business as a competitor of any person or entity currently a party to this action, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Designated Materials marked "ATTORNEYS AND CONSULTANTS ONLY" unless and until the Court in the Action orders otherwise.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name of individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Dated: _____          _____
                                                          Signature

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900