IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEMA, INC., et al., | No. C-09-1587 MMC |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| v. | |
| WILLIAM KOPERWHATS, et al., | |
| Defendants. | |
| And related counterclaims. | |

Before the Court is plaintiffs KEMA, Inc. and RLW Analytics, Inc.'s Motion for Leave to File Amended Complaint, filed February 26, 2010. Defendants William Koperwhats and MiloSlick Scientific ("Koperwhats") have filed opposition, to which plaintiffs have replied.

Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' written submissions, hereby VACATES the April 2, 2010 hearing, and rules as follows.

**BACKGROUND**

By an October 2008 settlement agreement ("Settlement Agreement") between the parties, Koperwhats was granted ownership of the copyrights in Visualize-IT software versions 3 and 4; in exchange, Koperwhats "agreed that neither he nor any entity owned, operated or controlled by him will market, sell, or distribute any software products under the

name or trademark 'Visualize-IT,' and further agreed not to suggest any sponsorship, endorsement or affiliation of [his] software products with the products of RLW without the written consent of RLW." (See Compl. at ¶ 14(d), (g); see also Second Amended Answer and Counterclaims ("SACC") at ¶ 14.) On April 1, 2009 plaintiffs filed the instant action alleging, inter alia, infringement by Koperwhats of their registered trademark "Visualize-IT" and violation of the above-referenced Settlement Agreement (See Compl. at ¶¶ 24-28, 50-52.) On March 26, 2010 Koperwhats filed his SACC, alleging, inter alia, plaintiffs directly, contributorily and/or vicariously infringed the above-referenced copyrighted versions of his software by allowing customers to use such software in violation of the Settlement Agreement. (See SACC at ¶ 176.)

Thereafter, in December 2009, Koperwhats amended his website to include an Open Letter to Visualize-IT® Users, which letter, inter alia, directed users to "stop using" specified versions of Koperwhats' software by December 31, 2009 and invited such users to purchase new software and licenses from Koperwhats. (See Opp'n Ex. 1.) Additionally, Koperwhats, in January 2010, sent letters to plaintiffs customers, which, inter alia, similarly advised the customers that their software licenses had expired and invited them to purchase new software licenses from Koperwhats. (See Opp'n Ex. 2.)

By the instant motion, plaintiffs seek to amend their original complaint for the purpose of adding a state law claim for intentional interference with prospective business advantage based on the above-referenced communications made by Koperwhats to plaintiffs' customers.[1] Koperwhats opposes such motion on the grounds that (1) plaintiffs

---

[1] Because the subject letters and website postings were made by Koperwhats in December 2009 and January 2010, more than eight months after this action was commenced, plaintiffs' proposed pleading, which includes facts regarding such incidents, is properly characterized as a supplemental pleading, pursuant to Rule 15(d), rather than an amended pleading. See Fed.R.Civ.P. 15(d) (providing court may permit a "supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented"). Plaintiffs' characterization of the augmented pleading as an "amended complaint" as opposed to a "supplemental pleading" is, however, immaterial. See United States ex rel. Wulff v. CMA, Inc., 890 F.2d 1070, 1073 (9th Cir. 1983) (finding "erroneous characterization . . . as an 'amended complaint' rather than as a supplemental pleading is immaterial").

have unduly delayed in seeking amendment, (2) amendment would be futile because plaintiffs offer no competing software product with which Koperwhats can interfere, and (3) amendment would be futile because the communications were privileged.

**LEGAL STANDARD**

Where, as here, a responsive pleading has been filed, Rule 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," see Fed.R.Civ.P. 15(a)(2), and that "[t]he court should freely give leave when justice so requires," see id. In determining whether such leave should be granted, the court considers the presence of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ( Foman v. Davis, 371 U.S. 178, 182 (1962)). Among such factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." See Eminence Capital, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052 (emphasis in original).

**DISCUSSION**

**1. Undue Delay**

Koperwhats argues plaintiffs have unduly delayed in seeking amendment because (1) the amendment is in violation of a November 30, 2009 "deadline" for amending pleadings proposed by the parties' in a joint case management statement (See Opp'n at 8:13-14; see also Joint Case Mgmt. Stmt., filed Dec. 3, 2009, at 10:14-15) and, (2) plaintiffs waited two to three months thereafter before seeking leave to amend.

The proposed November 30, 2009 "deadline," however, was not incorporated into

the Court's December 7, 2009 Pretrial Preparation Order (see Order filed Dec. 7, 2009) and consequently, plaintiffs' ability to amend is not limited by such date.

Although Koperwhats also asserts the proposed amendment is in "bad faith" and he would be "prejudice[d]" if plaintiffs were granted leave to amend, Koperwhats provides no further elaboration in support thereof. (See Opp'n at 8:23.) To the extent Koperwhats may be relying on the passage of time following the subject communications, any such argument is unavailing, as "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." See Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999); see also United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981) (holding denial of leave to amend, based solely on delay, improper; finding "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend").

### 2. **Futility Based on Lack of Competing Product**

Koperwhats next argues the proposed amendment is futile, because plaintiffs "have no software product to offer customers[ ] with which Koperwhats can interfere." (See Opp'n at 9:1-2.) As plaintiffs point out, however, they have alleged interference with client relationships concerning servicing contracts going beyond the software referenced by Koperwhats. (See proposed First Amended Compl. ¶¶ 34-36, 64, 65.) Consequently, plaintiffs' lack of a competing product is not dispositive.

### 3. **Futility Based on Litigation Privilege**

Further, Koperwhats argues, the proposed amendment is futile because the litigation privilege codified at California Civil Code Section 47(b) bars the amended claim.

The litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." See Silberg v. Anderson, 50 Cal.3d 205, 212 (1990). Under § 47(b), for a communication to have "some connection or logical relation" to the action, "[t]he communicative act . . . must function as a necessary or useful step in the litigation process

and must serve its purpose." See Rothman v. Jackson, 49 Cal.App.4th 1134, 1146 (1995). "The litigation privilege exists so that persons who have been harmed . . . can and will use the courts, rather than self help." See Rothman, 49 Cal.App.4th at 1146. Similarity, or even identity, of subject matter, however, is not a sufficient "connection or logical relation" between litigation and a communication to trigger the litigation privilege. See id. Here, Koperwhats argues that although the subject communications were not directed to any party to the instant counterclaims, said communications nonetheless are privileged because they "further the primary objective of the litigation – stopping plaintiffs and their customers from using infringing software." (See Opp'n at 11:6-8.) A connection of such nature, however, is not, by itself, sufficient to support the privilege, and, absent an additional showing, constitutes no more than self-help. See, e.g., Carmichael Lodge No. 2103 v. Leonard, 2008 U.S. Dist. LEXIS 104506 at *2-4, 19-21 (E.D. Cal. 2008) (holding privilege inapplicable where plaintiff sent, to potential purchasers, letter accusing defendant of selling plaintiff's copyrighted travel guides without permission; noting plaintiff might be entitled to injunction precluding such sales but "[a]ny entitlement to such relief . . . is in the hands of the court" and cannot be obtained by "self help").

Koperwhats next argues the communications are privileged because they "are directed to third parties that may become a party to the instant litigation, and as such, have a substantial interest in the outcome of the litigation." (See Opp'n at 11:4-6.) "[A] prelitigation statement is protected . . . when the statement is made in connection with a proposed litigation that is 'contemplated in good faith and under serious consideration.'" See Blanchard v. DIRECTV, Inc., 123 Cal.App.4th 903, 919 (2004). "[T]he mere potential or 'bare possibility' that judicial proceedings 'might be instituted' in the future," however, "is insufficient to invoke the litigation privilege." See Mezzetti v. State Farm Auto Ins. Co., 346 F. Supp. 2d 1058, 1065 (N.D. Cal. 2004) (citing Edwards v. Centex Real Estate Corp., 53 Cal.App.4th 15, 29 (1997)). For the privilege to apply, "a lawsuit or some other form of proceeding must actually be suggested or proposed, orally or in writing"; in other words, the

communication must contain "some actual verbalization of the danger that a given controversy may turn into a lawsuit." See Edwards, 53 Cal.App.4th at 34-35.  Further, "the contemplated litigation must be imminent"; an "offhand suggestion a given claim might result in a lawsuit would be insufficient to invoke the privilege." Id. at 35 (emphasis in original).  Here, Koperwhats does not argue, let alone identify judicially noticeable evidence to show, litigation against the recipients of the subject communications has been proposed or is imminent.  Consequently, Koperwhats has failed to demonstrate plaintiffs' proposed claim is futile by reason of the litigation privilege.

**CONCLUSION**

Accordingly, for the reasons stated above, plaintiffs motion to file their proposed amended complaint is hereby GRANTED.  Plaintiffs shall file their First Amended Complaint no later than April 7, 2010.

**IT IS SO ORDERED.**

Dated: March 30, 2010

_____
MAXINE M. CHESNEY
United States District Judge