**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEMA, INC., et al.,

    Plaintiffs,

v.

WILLIAM KOPERWHATS, et al.,

    Defendants
/

No. C 09-01587 MMC

**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' UNTIMELY MOTION TO DISMISS SECOND AMENDED COMPLAINT**

    Before the Court is defendants William Koperwhats and MiloSlick Scientific's (collectively "Koperwhats") motion, filed October 25, 2010, to dismiss and strike plaintiffs KEMA, Inc. and RLW Analytics, Inc.'s (collectively "KEMA") Second Amended Complaint ("SAC") (hereafter, "Motion to Dismiss"). KEMA has filed opposition, incorporating therein a motion to strike the Motion to Dismiss as untimely.[1] Koperwhats has filed a reply, in which Koperwhats includes his opposition to KEMA's motion to strike. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

    Koperwhat initially filed the Motion to Dismiss on October 22, 2010, and refiled it on

---

[1] KEMA initially requested leave to file its motion to strike as a separate matter to be heard on shortened time. In lieu thereof, the Court allowed KEMA to include those arguments in its opposition to the Motion to Dismiss.

[2] By order filed December 7, 2010, the Court vacated the hearing on the Motion to Dismiss.

October 25, 2010 with a corrected hearing date.  As KEMA filed the SAC on October 1, 2010, Koperwhat's response to the SAC was due no later than October 18, 2010. See Fed. R. Civ. P.15(a)(3) (providing for fourteen days to respond to amended pleading); see also id. 6(d) (providing defendant three additional days for certain modes of service).[3] Consequently, Koperwhats' Motion to Dismiss was filed four days late.

This is not the first time Koperwhats has failed to timely file a response to KEMA's pleading.  Indeed, the Court denied Koperwhats's first motion to dismiss as untimely, and, although exercising its discretion to consider Koperwhats's untimely-filed second motion to dismiss, the Court expressly admonished Koperwhats: "[A]ny future untimely filing will, in all likelihood, be stricken." (See Order Granting in Part and Den. in Part Defs. William Koperwhats and Miloslick Scientific's Mot. to Dismiss Pls.' First Am. Compl. 1 n.1 (Sept. 1, 2010).)

Accordingly, any personnel changes in Koperwhats's counsel's office notwithstanding, and irrespective Koperwhats's stated intent to "refile [his] Motion to Dismiss as a Motion for Judgment on the Pleadings" (see Reply at 5:7-8), KEMA's motion to strike Koperwhats's Motion to Dismiss is hereby GRANTED, and Koperwhats is hereby ORDERED to answer the SAC no later than January 7, 2010.

**IT IS SO ORDERED.**

Dated: December 21, 2010

MAXINE M. CHESNEY
United States District Judge

---

[3] Even if one were to extend the deadline because of the Columbus Day holiday, which fell on October 11, 2010, Koperwhats's Motion to Dismiss is untimely.  Such holiday, however, does not in fact affect the calculation, as a legal holiday only extends a party's deadline to respond when the deadline falls on that holiday.  See Fed. R. Civ. P. 6(a)(c); see also id. 6(b) (providing, in calculating time to respond, one must "count every day, including intermediate . . . legal holidays").